IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RECURSION SOFTWARE, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> INTERACTIVE INTELLIGENCE, INC., § <br> § <br> Defendant. § | Civil Action No. 3:03-CV-2711-B-BH <br> ECF |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Recursion Software, Inc. ("Plaintiff") files[1] its *Plaintiff's Response to Defendant's Motion for Summary Judgment* requesting the Court to deny the relief sought by Defendant Interactive Intelligence, Inc. ("Defendant") in *Defendant Interactive Intelligence, Inc.'s Motion for Summary Judgment* filed on April 4, 2005.

### COPYRIGHT PREEMPTION DOES NOT APPLY TO PLAINTIFF'S COMMON LAW CLAIMS

1. As Plaintiff's claims for breach of contract, *quantum meruit*, and unjust enrichment are qualitatively different from or provide an additional element to Plaintiff's claim of copyright violation, Plaintiff's common law claims are not preempted by 17 U.S.C. § 301.

---

[1] On April 25, 2005, Plaintiff filed a combined Response and Brief in *Plaintiff's Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment* that exceeded the page limit of fifty pages by eight (8) pages (after subtraction of the cover sheet, table of contents, index of authorities and signature pages) – the total Response was 68 pages. The combined Response/Brief was filed via hand delivery, rather than electronically, because the Court's electronic filing system was not operational on April 25, 2005. *See* Exhibit "A." A day following receipt of the Court's *Order Denying Plaintiff's Motion for Leave Regarding Page Limitations Pursuant to Local Rule 7.2*, Plaintiff has modified its Response/Brief to separate the Memorandum from the Response and shorten the Memorandum to comply with the Local Rule 56.4(c) and the page limitations of Local Rule 56.5(b).

### GENUINE ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF LACHES, ESTOPPEL, WAIVER AND LIMITATIONS

2. Defendant failed to meet its burden to establish the defenses of laches, estoppel, waiver. There is no evidence that Plaintiff knew of Defendant's inclusion of Voyager in Interaction Recorder; that Defendant ever informed Plaintiff (or Plaintiff's assignor, Objectspace) that Defendant incorporated Voyager in an application that was marketed and sold or that was packaged or installed on hardware by resellers. In addition, Defendant was not ignorant of the true facts.

3. Defendant did not meet its burden to establish that any of Plaintiff's claims were filed outside of the applicable limitations periods. Pursuant to the equitable tolling doctrines, discovery rule and fraudulent concealment, all of Plaintiff's claims are timely asserted.

### GENUINE ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF EXPRESS (ORAL OR WRITTEN) AND IMPLIED LICENSE

4. Defendant failed to meet its summary judgment burden on the affirmative defense of express and/or implied license because (1) Defendant proffered no competent evidence in support of the claim; and (2) the evidence establishes the contrary of what Defendant claims (i.e. the Defendant entered into a novation or committed waiver).

### PLAINTIFF'S CLAIMS ARE NOT LIMITED TO DECEMBER 21, 2001 FORWARD, BUT INCLUDE ALL CLAIMS FROM THE INCEPTION OF DEFENDANT'S UNAUTHORIZED USE OF VOYAGER

5. The *Asset Purchase Agreement* between Plaintiff and Objectspace, Inc. provides that the Voyager License Agreements were transferred to Plaintiff, including the rights to sue for breach of contract, and the rights to sue for past copyright infringement.

### GENUINE ISSUES OF MATERIAL FACTS PRECLUDE SUMMARY JUDGMENT BASED ON DEFENDANT'S AFFIRMATIVE DEFENSE OF THE FAIR USE DOCTRINE

6. Defendant failed to meet its summary judgment burden on the affirmative defense of fair use because (1) all the factors to determine fair use all weigh against a finding of fair use; and (2) Defendants evidence, combined with Plaintiff's evidence indicates that Defendant's inclusion of Voyager is not *de minimus*, but substantial and vital.

### GENUINE ISSUES OF MATERIAL FACTS PRECLUDE SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF CONTRACT ACTION

7. Plaintiff presents evidence of an agreement, with consideration, that was breached by Defendant. Plaintiff presents evidence that it incurred damages and made a proper presentment of its claim to Defendant to be entitled to attorney's fees. In addition, Defendant failed to present evidence suffered damages

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

8. Pursuant to Local Rule 56.4(a), Plaintiff presents the legal and factual grounds upon which Plaintiff relies in *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*.

### PRAYER

For these reasons, Plaintiff asks the Court to deny *Defendant Interactive Intelligence, Inc.'s Motion for Summary Judgment*. Plaintiff prays for such other and further relief to which it may be entitled.

Respectfully submitted,

By: _____
Andrew R. Korn
State Bar No. 11683150
John W. Bowdich
State Bar No. 00796233

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy
www.kbdtexas.com

ATTORNEYS FOR PLAINTIFF
RECURSION SOFTWARE, INC.

CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b), I certify a true and correct copy of the foregoing document was served the 29th day of April, 2005, as follows:

Paul Overhauser      VIA U.S. FIRST CLASS MAIL
OVERHAUSER LAW OFFICES
737 W. Green Meadows Dr., Ste 300
Greenfield, IN 46140

ATTORNEY FOR DEFENDANT

By: _____
JOHN W. BOWDICH

------ NOTICE ------

# THIS SITE - ecf.txnd.uscourts.gov - IS TEMPORARILY OUT OF SERVICE

## Please try again later.

------------------------

**EXHIBIT "A"**