

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECURSION SOFTWARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-2711-B-BH |
| | § | ECF |
| INTERACTIVE INTELLIGENCE, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF CHRIS TARR

Recursion Software, Inc. ("Plaintiff") files *Plaintiff's Objections to the Declaration of Chris Tarr* filed in support of *Defendant's Motion for Summary Judgment* requesting the Court to sustain Plaintiff's objections to the *Declaration of Chris Tarr*.

#### OBJECTIONS TO THE
#### DECLARATION OF CHRIS TARR

**Paragraph 7:**

"Initially, Objectspace offered Voyager free for certain uses over the Internet as part of Objectspace's strategy to get software developers familiar with Voyager. To the best of my knowledge, Objectspace Voyager (tm) End User License Agreement, attached as Exhibit A, was the license agreement initially used for early distribution of Voyager over the Internet."

**Objections:**

    (a)    <u>Hearsay</u>. Statement, on its face, is based on hearsay. *See* FED. R. EVID. 801; *Horta v. Sullivan*, 4 f.3d 2, 8-9 (1st Cir. 1993); *see also Houston Tex. Printers, Inc. v. Marbach*, 862 S.W.2d 188 (Tex. App.—Houston [14th Dist.] 1993, no writ).

    (b)    <u>Legal/Fact Conclusion</u>. Bare allegations of fact, ultimate or conclusory facts, and legal conclusions do not satisfy the requirement for an affidavit to be specific and constitute admissible evidence. *See Lujuan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990); *Evans v. Technical Applications & Services, Co.*, 80 F.3d 954, 962 (4th Cir. 1996);

*Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998); *BellSouth Telecomm., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2nd Cir. 1996); *see also, Charter Roofing Co. v. Tri-State Ins. Co.*, 841 S.W.2d 903, 906 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (Statement is not of facts, but opinions and conclusions).

  (c) <u>Conclusory statements</u>. Pursuant to FED. R. CIV. P. 56(e), conclusory statements are not competent summary judgment evidence. *See* FRCP 56(e); *Lujuan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990) (The object of Rule 56 is not to replace conclusory allegations of a pleading with the conclusory allegations of an affidavit); *Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir. 1992) (conclusory statements or indications of opinion or belief offered without any factual support are also insufficient to create a genuine issue of fact.).

  (d) <u>Self-Serving Speculation or Unsubstantiated Opinion</u>. Statement includes self-serving speculation unsubstantiated opinion or unilateral subjective determination of facts that cannot be considered as summary judgment evidence. *See Cormier v. Pennzoil Exploration & Production Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992); and *Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985) *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513 (1986). *See also McKnight v. Riddle v. Brown, P.C.*, 877 S.W.2d 59, 62 (Tex. App.—Tyler 1994, writ denied); *See Querner Truck Lines, Inc. v. Alta Verde Indus.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ).

  (e) <u>Information and Belief</u>. An affidavit made on "information and belief" does not meet the requirement of personal knowledge pursuant to FED. R. CIV. P. 56(e). *See Columbia Pictures Inds., Inc. v. Professional Real Estate Invs., Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) *aff'd* 508 U.S. 49, 113 S.Ct. 1920 (1993); *Price v. Rochford*, 947 F.2d 829, 832-33 (7th Cir. 1991).

## Paragraph 8:

"To the best of my knowledge, Objectspace changed their license policies and began to charge license fees for some portion of the Voyager product line. I do not recall the specific time or details related to this change."

## Objections:

  (a) <u>Information and Belief</u>. An affidavit made on "information and belief" does not meet the requirement of personal knowledge pursuant to FED. R. CIV. P. 56(e). *See Columbia Pictures Inds., Inc. v. Professional Real Estate Invs., Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) *aff'd* 508 U.S. 49, 113 S.Ct. 1920 (1993); *Price v. Rochford*, 947 F.2d 829, 832-33 (7th Cir. 1991).

## PRAYER

For these reasons, Plaintiff prays that the Court hear these objections prior to the hearing on *Defendant's Motion for Summary Judgment* and, thereafter, sustain these objections to Defendant's summary judgment proof. Plaintiff prays for all other relief to which it may be entitled.

Respectfully submitted,

By: _____
Andrew R. Korn
State Bar No. 11683150
John W. Bowdich
State Bar No. 00796233

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy
www.kbdtexas.com

ATTORNEYS FOR PLAINTIFF
RECURSION SOFTWARE, INC.

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b), I certify a true and correct copy of the foregoing document was served the 29th day of April, 2005, as follows:

Paul Overhauser                                    VIA U.S. FIRST CLASS MAIL
OVERHAUSER LAW OFFICES
737 W. Green Meadows Dr., Ste 300
Greenfield, IN  46140

ATTORNEY FOR DEFENDANT

By: _____
       JOHN W. BOWDICH